## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re the Chapter 11 of | ) |
| | ) |
| JMKA, LLC | ) Case No. 25-00036 |
| | ) |
| Debtor. | ) |

### MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE USE OF CASH COLLATERAL BELONGING TO THE SMALL BUSINESS ADMINISTRATION, BAYFIRST NATIONAL BANK, NEWITY BANK, FUNDING CIRCLE, AND TRANSPORTATION ALLIANCE BANK

NOW COMES the Debtor, JMKA, LLC, by and through its proposed attorneys Ben Schneider and Matthew Stone, and moves this Court pursuant to 11 USC 363 and Federal Rule of Bankruptcy Procedure 4001(b) to enter an order permitting it to use cash collateral belonging to the Small Business Administration, BayFirst National Bank, Newity Bank, Funding Circle, and Transportation Alliance Bank, including but not limited to inventory and accounts receivables and additions, accessions and replacements of those assets ("Business Assets") and in support thereof represents to the Court as follows:

**The Secured Claim of the Small Business Administration**

1. On September 11, 2020, the Debtor and the Small Business Administration entered into a loan agreement in which the Debtor pledged all of its assets as collateral, including, but not limited to, its, cash, bank deposits, and accounts receivable, (the "Business Assets"). The Debtor and the Small Business Administration have agreed on replacement liens as a condition on usage of cash collateral.

**The First Secured Claim of BayFirst National Bank**

2. On July 25, 2022, the Debtor and BayFirst National Bank entered into a loan agreement in which the Debtor pledged all of its assets as collateral, including, but not limited to,

its, cash, bank deposits, and accounts receivable, (the "Business Assets"). The Debtor and BayFirst National Bank have not yet reached an agreement on usage of cash collateral.

**The Second Secured Claim of BayFirst National Bank**

3.      On December 29, 2022, the Debtor and BayFirst National Bank entered into a second loan agreement in which the Debtor pledged all of its assets as collateral, including, but not limited to, its, cash, bank deposits, and accounts receivable, (the "Business Assets"). The Debtor and BayFirst National Bank have not yet reached an agreement on usage of cash collateral.

**The Secured Claim Of Transportation Alliance Bank**

4.      On March 13, 2023, the Debtor and Transportation Alliance Bank entered into a loan agreement in which the Debtor pledged all of its assets as collateral, including, but not limited to, its, cash, bank deposits, and accounts receivable, (the "Business Assets"). The Debtor and Transportation Alliance Bank have not yet reached an agreement on usage of cash collateral.

**The Secured Claim Of Funding Circle**

5.      On June 15, 2023, the Debtor and Funding Circle entered into a loan agreement in which the Debtor pledged all of its assets as collateral, including, but not limited to, its, cash, bank deposits, and accounts receivable, (the "Business Assets"). The Debtor and Funding Circle have not yet reached an agreement on usage of cash collateral.

**The Secured Claim of Newity Bank**

6.      On November 6, 2024, the Debtor and Newity Bank entered into a loan agreement in which the Debtor pledged all of its assets as collateral, including, but not limited to, its, cash, bank deposits, and accounts receivable, (the "Business Assets"). The Debtor and Newity have not yet reached an agreement on usage of cash collateral.

**Relief Requested**

7.  In order to operate the Debtor's business, it requires the use of its Business Assets. If the Debtor is not given the use of Cash Collateral, the Debtor will be unable to pay the expenses of the business. If the expenses of the business are not paid in a timely manner, the Debtor would then be forced into liquidation which would not be in the best interests of the creditors.

8.  The Debtor anticipates an agreement with all of its secured creditors on the conditions to use cash collateral and requests an entry of the attached order which states the proposed specific treatment.

WHEREFORE, the Debtor, JMKA, LLC, requests that this Court:

A. Enter the attached order permitting the use of Cash Collateral;

B. Grant any other relief that it deems fair and equitable under the circumstances.

Respectfully Submitted
By
JMKA, LLC

/s/ Ben Schneider
One of the Proposed Attorneys for the Debtor

Ben Schneider (ARDC # 6295667)
8424 Skokie Blvd., Suite 200
Skokie, IL 60077
847-933-0300
ben@windycitylawgroup.com