Form G-3 (20240417)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION   DIVISION

In re: JMKA, LLC ) Chapter 11
 )
 ) No. 19-34181
 )
Debtor(s) ) Judge David D. Cleary

## NOTICE OF MOTION

TO:  See attached list

     PLEASE TAKE NOTICE that on January 8, 2025, at 11:00 a.m., I will appear before the Honorable David D. Cleary, or any judge sitting in that judge's place, **either** in courtroom 644 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604 **or** electronically as described below, and present the motion of the Debtor [to/for] Pay Prepetition Wages and Shorten Notice, a copy of which is attached.

     **Important:  Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government.  All others must appear in person.**

     **To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/.  Then enter the meeting ID and passcode.

     **To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and passcode.

     **Meeting ID and passcode.**  The meeting ID for this hearing is 161 122 6457, and the passcode is Cleary644.  The meeting ID and passcode can also be found on the judge's page on the court's web site.

     **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: Ben Schneider

# CERTIFICATE OF SERVICE

I, Ben Schneider,

☒ an attorney, certify

- or -

☐ a non-attorney, declare under penalty of perjury under the laws of the United States of America

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on January 6, 2025, at 5:00 p.m. *

Ben Schneider
[Signature]

*All applicable boxes must be checked and all blanks filled in.

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTRN DIVISION

| | | |
|---|---|---|
| In re the Chapter 11 of | ) | |
| | ) | |
| JMKA, LLC | ) | Case No. 25-00036 |
| | ) | |
| Debtor. | ) | |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE PAYMENT OF PRE-PETITION EMPLOYEE COMPENSATION AND PAYROLL TAXES**

Pursuant to Fed. R. Bank. P. 4001 and 1008 and 11 U.S.C. §§ 105(a), and 507(a), JMKA, LLC (the "Debtor"), Debtor in the captioned Chapter 11 case, hereby moves the Court on an emergency basis for entry of an order, substantially in the form of that submitted herewith (the "Proposed Order"), authorizing the Debtor to pay pre-petition compensation and payroll taxes. In support of such relief, the Debtor states as follows:

Relief Requested

1. The Debtor requests entry of an order, pursuant to 11 U.S.C. §§ 105(a), and 507(a), authorizing the Debtor to pay prepetition wages and salaries, which the Debtor pays to its full-time and part-time employees (collectively, "Employees") in the ordinary course of its business, and to continue to honor its prepetition practices, programs and policies with respect to the Employees.

Background

*The Debtor*

2. The Debtor is an Illinois LLC with its principal place of business in Elmhurst, IL. The Debtor is an entity that is in the business of childcare.

*The Bankruptcy Filing*

3. On January 2, 2025, the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330, *as amended* (the "*Bankruptcy Code*"). Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of its assets and is operating as a debtor- in-possession.

The Debtor is in possession of cash collateral and sought permission to use said cash collateral through a separate motion which was granted on January 6, 2025 on an interim basis.

**Payroll**

*Employee Compensation and Payroll Tax Due*

4. The Debtor pays its employees biweekly and withholds payroll taxes as appropriate for each employee. In the instant case, the Debtor seeks to pay its employees on January 3, 2025 and January 6, 2025 for the for the work done between December 15, 2024 to December 28, 2024; the Debtor also seeks leave to pay the payroll taxes for the same period. The reason the Debtor has two payment dates is that the January 3, 2025 payments are made by direct deposit and the January 6, 2025 payments are by check.

5. The Debtor ran payroll before the Petition for Relief was filed on January 2, 2025 and thought that ADP (the payroll processor) had withdrawn the funds from its account to fulfill the payroll prior to the Petition being filed but it actually was withdrawn on January 3, 2025. This motion also seeks retroactive relief to allow for these payments as well.

6. There is a current payroll obligation of $31,070.15 for the pay period of December 15, 2024 to December 28, 2024 (See attached Payroll). All of these are pre-petition wages and pre-petition payroll taxes. The Debtor proposes to allocate the $31,070.15 in the following manner:

   a. $23,055.74 to the Employees as the net employee compensation. This amount is due for regular pay and commissions to its W-2 employees; and
   b. $5,307.46 withheld for payment of taxes; and
   c. $2,596.15 is to be paid for the employer portion of the taxes; and
   d. $110.80 for health insurance.

7. The Debtor also had a new hire at the end of 2024 who did not make it on to the attached Payroll. This employee is owed $435.96 which is made up of $54.93 in tax withholdings and $381.03 in net pay.

8. Additionally, the Debtor will have another payroll due on January 17, 2025 which will be for the pay period of December 29, 2024 to January 11, 2025. The first four days of that payroll is for amounts due to employees for pre-petition work. The Debtor needs leave of Court to pay its employees on January 17, 2025 as well. The Debtor estimates that the payments to Employees on January 17, 2025 will be no greater than the attached Payroll plus the new hire requested for the period of December 15, 2024 – December 29, 2024.

*Necessity of the Requested Relief*

9. The post-petition stability of the Debtor's workforce is integrally tied to the Debtor's ability to continue to honor the Prepetition Employee Obligations. Any delay in payments to Employees will impact the Debtor's relationship with essential workers and may irreparably harm employee morale, dedication, confidence and cooperation. The support and efforts of the Debtor's workforce during the pendency of the Debtor's Chapter 11 case are critical to the Debtor's successful reorganization. At this early stage, the Debtor cannot risk losing its critical personnel or suffering the substantial damage to its business that would inevitably result from any decline in employee morale.

10. In addition, for the Employees, the payments received from the Debtor are needed to enable the Employees to meet their own financial obligations. As a result, absent an order granting the relief requested in this Motion, the Employees and their families are likely to suffer personal hardship and, in many instances, serious financial difficulties.

WHEREFORE, the Debtor requests that the Court enter an order authorizing the Debtor to pay the prepetition Employee compensation and payroll tax, and for any relief

that it deems fair and equitable.

                Dated: January 6, 2025

Prepared by Ben Schneider ARDC # 6295667
8424 Skokie Blvd., Suite 200
Skokie, IL 60077
847-933-0300
ben@windycitylawgroup.com

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re the Chapter 11 of ) | |
| ) | |
| JMKA, LLC ) | Case No. 25-00036 |
| ) | |
| Debtor. ) | |

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants (ECF):**

- Adam Brief, US Trustee

**Parties served via First Class US Mail and via the method indicated:**

1. BayFirst National Bank
   700 Central Ave.
   Saint Petersburg, FL 33701
   Email to Carlos Gutierrez: carlos.gutierrez@bayfirstfinancial.com

2. Byline Bank
   10 N. Martingale Road, Suite 160
   Schaumburg, IL 60173
   Fax to Deposit Services Team (847) 504-8983

3. Direct Capital Equipment
   1230 Main Office
   Columbia, SC 29201
   Email to Carl Walsh, Manager: service@firstcitizens.com

4. Funding Circle
   707 17th St., Suite 2200
   Denver, CO 80202
   Email to credit@fundingcircle.com and customersolutions@fundingcircle.com

5. Transportation Alliance Bank, Inc.
   4185 Harrison Blvd.
   Ogden, UT 84403
   Email to Litigation Counsel Randall Rees: randall.rees@tabbank.com

6. US Small Business Administration
   Illinois District Office, Attn: Sameena Nabijee
   332 S. Michigan Ave.
   Chicago, IL 60604
   Email to Sameena Nabijee: Sameena.nabijee@sba.gov

7. Ameris Bank d/b/a Balboa Capital
   3490 Piedmont Road
   Atlanta, GA 30305
   Email to Don Ngo, Recovery Manager; donbn@balboacapital.com

8. Bluevine, Inc.
   30 Montgomery St., Suite 1400
   Jersey City, NJ 07302
   Email to seth.bailey@bluevine.com

9. CashFloit, LLC
   33 E. 33rd St.
   New York, NY 10016
   Email to info@cashfloit.com and team@cashfloit.com

10. Everest Business Funding
    102 W. 38th St., 6th Floor
    New York, NY 10018
    Email to Gabriella Acevedo, Internal Recovery:
    gabriella.acevedo@everestbusinessfunding.com

11. Fenix Capital Funding
    9265 4th Ave., 2nd Floor
    Brooklyn, NY 11209
    Email to alex.r@fenixcapitalfunding.com

12. Northeast Bank
    c/o Newity
    35 Canal St.
    Lewiston, ME 04240
    Email to billing@newitymarket.com

13. SymplifiCapital
    221 W. Hibiscus Blvd, Suite 286
    Melbourne, FL 32901
    Email to info@symplificapital.com